UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTONIO WHEELER,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>  Defendants. | Case No. 2:24-cv-00682-GMN-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

    Pending before the Court are Plaintiff's five filings in the above captioned matter, which also references filings in six other cases. ECF No. 14. Plaintiff commenced this action in April 2024. ECF No. 1. On May 29, 2024, Plaintiff's Complaint was dismissed in part with prejudice, and largely dismissed without prejudice and with leave to amend. ECF No. 4. Plaintiff was given through and including July 1, 2024 to file an amended complaint. *Id*. Plaintiff did not file an amended complaint at any time before this matter was dismissed in its entirety on September 6, 2024 (ECF No. 12). Instead, Plaintiff filed a notice of appeal and amended notice of appeal on July 16 and 17, 2024 respectively. ECF Nos. 7, 8. The Ninth Circuit dismissed Plaintiff's Appeal on September 23, 2024. ECF No. 13. Plaintiff's instant filing does not address shortcomings in his previously screened Complaint finding Plaintiff stated no claim for relief. ECF No. 4.

    "On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for ... (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A motion under Rule 60(b)(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Relief under Rule 60(b)(6) is available only under extraordinary circumstances. *Buck v. Davis*, 580 U.S. 100, 123 (2017). Treating Plaintiff's instant filing as a motion to reopen his case and relieve him from the final judgment entered, the Court finds: (1) seven months that have lapsed since Plaintiff was given leave to amend his complaint; (2) Plaintiff had the wherewithal to file notices of appeal as late as July 17, 2024, but chose not to file an amended complaint; (3) three months have lapsed since Plaintiff's appeal was dismissed and this case was closed, and (4) Plaintiff offers no factual support

to suggest he can state a claim for relief. On these bases, the Court finds Plaintiff's filings fail to establish an extraordinary basis for reopening the instant matter. The Court does grant Plaintiff's request for copies of the Court's Orders for his records.

## I. Order

IT IS HEREBY ORDERED that Plaintiff's Motion to Provide Free Copies (ECF No. 17) is GRANTED. The Clerk of Court must send Plaintiff copies of the Court's Orders at ECF Nos. 4, 12, 13, and this Order.

IT IS FURTHER ORDERED that Plaintiff's Motion to E-Doc (ECF No. 15) appears duplicative of his request for copies and on that basis is DENIED.

## II. Recommendation

IT IS HEREBY Recommended that Plaintiff's Motion to Extend 2 Year Time Frame (ECF No. 14), and Motion for IFP (ECF No. 16) be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 18) be DENIED because the Court recommends Plaintiff's case not be reopened.

Dated this 7th day of January, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).